# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-SP1** | § § § § § § § § § § § § § § § § § | |
| **Plaintiff,** | § | **Civil Action No.** 5:23-cv-1516 |
| **v.** | § § | |
| **ELIZABETH SANCHEZ FARIAS, ALMA RODRIGUEZ, SALVADOR RODRIGUEZ, JR., and RUBEN S. RODRIGUEZ** | § § § § § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, U.S. Bank Trust Company, National Association, as Trustee, as Successor-In-Interest to U.S. Bank National Association, as Successor-In-Interest to Bank of America National Association, Successor by merger to LaSalle Bank National Association, as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-SP1 ("U.S. Bank" or "Plaintiff"), and files this *Original Complaint* against Elizabeth Sanchez Farias, Alma Rodriguez, Salvador Rodriguez, Jr., and Ruben S. Rodriguez ("Defendants"), and respectfully shows unto the Court as follows:

## I. PARTIES

1.      Plaintiff appears through the undersigned counsel.

2.      Salvador G. Rodriguez and Alicia S. Rodriguez ("Decedents") were borrowers under the subject Loan Agreement. Decedent Salvador G. Rodriguez passed away on or about July 7, 2020. Decedent Alicia S. Rodriguez passed away on or about October 12, 2021. Upon information and belief, no probate is open for either of Decedent's estate in the county where the subject Property is located or in the county in which Decedents died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's respective estates.

3.      Pursuant to Texas Estates Code §§ 101.001 and 101.051, Decedents' heirs at law ("Heirs") acquired all of Decedent's estates immediately upon his death. Each Heir is made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002.

4.      Defendant Elizabeth Sanchez Farias is an heir and daughter of Decedent Alicia S. Rodriguez. Defendant Elizabeth Sanchez Farias may be served with process at 3114 Weir Avenue, Apartment 2, San Antonio, Texas 78226-1279, or at any other place where she may be found. Summons is requested.

5.      Defendant Alma Rodriguez is an heir and daughter of Decedents. Defendant Alma Rodriguez may be served with process at 546 Limestone Flat, San Antonio, Texas 78251-4184, or at any other place where she may be found. Summons is requested.

6.      Defendant Salvador Rodriguez, Jr. is an heir and son of Decedents. Defendant Salvador Rodriguez, Jr. may be served with process at 5602 Ocean Side St., San Antonio, Texas 78242, or at any other place where he may be found. Summons is requested.

7.      Defendant Ruben S. Rodriguez is an heir and son of Decedents. Defendant Ruben

S. Rodriguez may be served with process at 6635 Walnut Valley Dr., San Antonio, Texas 78242, or at any other place where he may be found. Summons is requested.

## II.  PROPERTY

8.    This proceeding concerns the real property and improvements commonly known as 5602 Ocean Side, San Antonio, Texas 78242, and more particularly described as:

> LOT ONE (1), BLOCK FIFTY-SEVEN (57), NEW CITY BLOCK 17537, LACKLAND CITY SUBDIVISION, UNIT 230, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN, VOLUME 8200, PAGE 91, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(The "Property").

## III.  JURISDICTION AND VENUE

9.    This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

10.    Plaintiff, U.S. Bank, is a national banking association and the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. & Traders Tr. Co. v. HSBC Bank U.S.A., Nat'l Ass'n*, 564 F. Supp. 2d 261 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, *Rivas v. United States Bank Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank,*

*NA v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, U.S. Bank has its main office in Minnesota. *See Lewis v. Deutsche Bank Nat'l Tr. Co.*, No. 3:16-CV-133, 2017 U.S. Dist. LEXIS 57025 (S.D. Tex. 2017). Therefore, Plaintiff is a citizen of Minnesota for diversity purposes.

11.    Defendants are individuals and citizens of the state of Texas.

12.    In this suit Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

13.    When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

14.    Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property

exceeds $75,000.00. The Bexar County Appraisal District values the Property at $205,620.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

15.     Venue is proper in the Western District of Texas, San Antonio Division because this suit concerns title to real property located in Bexar County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

### IV.  SUMMARY OF FACTS

16.     The foregoing paragraphs are incorporated by reference for all purposes.

17.     On May 31, 2022, Decedents ("Borrowers") executed a *Balloon Note (Fixed Rate)* (the "Note") in the principal amount of $50,400.00 bearing an interest rate of 11.35% per annum and originally payable to Specialty Mortgage Corporation ("SMC"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

18.     Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting SMC, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Bexar County Texas, on April 1, 1999, under Document No. 99-0062048. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

19.     On April 26, 2018, Borrowers modified the Loan Agreement and executed a *Loan Modification Agreement* (the "Modification") modifying the principal balance of the Note and extending the maturity date of the Loan Agreement. The Modification was recorded in the Official Public Records of Bexar County Texas, on January 27, 2023, under Document No. 20230015154. A true and correct copy of the Modification is attached hereto as **Exhibit C**.

20.     The Note was indorsed to the Provident Bank by SMC and there have been no other indorsements or allonges. Plaintiff has physical possession of the Note and is the current owner of the Note. Plaintiff is the current holder and legal owner of the Note and beneficiary of the Security Instrument. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4). *See* Exhibit A.

21.     Subsequently, SMC transferred and assigned the Loan Agreement to PCFS Financial Services, Inc. as evidenced by the *Corporate Assignment of Deed of Trust* (the "SMC Assignment") which was recorded in the Official Public Records of Bexar County, Texas on February 28, 2003, as Document No. 20030046716. A true and correct copy of the SMC Assignment is attached hereto as **Exhibit D**.

22.     The Provident Bank then transferred and assigned the Loan Agreement to LaSalle Bank, National Association as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-SP1 ("LaSalle") as evidenced by the *Assignment of Mortgage / Deed of Trust* (the "LaSalle Assignment") which was recorded in the Official Public Records of Bexar County, Texas on September 20, 2007 as Document No. 20070224580. A true and correct copy of the LaSalle Assignment is attached hereto as **Exhibit E**.

23.     The Provident Bank d/b/a PCFS Financial Services, Inc. d/b/a PCFS Mortgage Resource Bank then transferred and assigned the Loan Agreement to The Provident Bank as evidenced by the *Assignment of Mortgage / Deed of Trust* (the "Provident Assignment") which was recorded in the Official Public Records of Bexar County, Texas on September 2, 2015 as Document No. 20150167428. A true and correct copy of the Provident Assignment is attached hereto as **Exhibit F**.

24.     La Salle then transferred and assigned the Loan Agreement to U.S. Bank National

Association, as Successor-In-Interest to Bank of America National Association, Successor by merger to LaSalle Bank National Association, as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-SP1 as evidenced by the *Corporate Assignment of Deed of Trust* (the "U.S. Bank Assignment") which was recorded in the Official Public Records of Bexar County, Texas on September 6, 2022 as Document No. 20220216261. A true and correct copy of the U.S Bank Assignment is attached hereto as **Exhibit G**.

25.     Subsequently and on the same date as above, the U.S. Bank Assignment was recorded again in the Official Public Records of Bexar County as Document No. 20220216266. A true and correct copy of this duplicate assignment is attached hereto as **Exhibit H**. Exhibits G and H are identical. *See* Exhibits G, H.

26.     On or about November 4, 2022, La Salle executed a *Corporate Assignment of Deed of Trust* (the "Corrective Gap Assignment") as a corrective gap assignment to remedy the gap in the recorded ownership interest between the LaSalle Assignment recorded on September 20, 2007 and the Provident Assignment recorded on September 2, 2015. The Corrective Gap Assignment was recorded in the Official Public Records of Bexar County, Texas on November 4, 2022 as Document No. 20220262513. A true and correct copy of the U.S Bank Assignment is attached hereto as **Exhibit I**.

27.     Decedent Salvador G. Rodriguez passed away on or about July 7, 2020. Decedent Alicia S. Rodriguez passed away on or about October 12, 2021. No probate has been opened for either Decedent in the county in which the property is located or in which either Decedent died. Therefore, there is no personal representative of Decedents' respective estates to be made a party to this action. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Decedents' Heirs acquired all of Decedents' interest in the Property immediately upon Decedents' respective

deaths subject to the Loan Agreement debt owed to Plaintiff.

28.     Under the terms of the Loan Agreement, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable fees and charges due under the Note.

29.     The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenant and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

30.     The Loan Agreement is currently due for the September 1, 2022 payment and all subsequent monthly payments. A *Notice of Default* (the "Notice") was served in accordance with the Loan Agreement and the Texas Property Code on October 25, 2022. A true and correct copy of the Notice is attached hereto as **Exhibit J**.

31.     The default was not cured, and the maturity date was accelerated on January 27, 2023, when a *Notice of Acceleration of Loan Maturity* (the "Acceleration") was served in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Acceleration is attached hereto as **Exhibit K**.

32.     In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest again the Property.

33.     Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

# V. CAUSES OF ACTION

## A. DECLARATORY JUDGMENT

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Deutsche Bank has standing to enforce the Security Instrument as holder and owner of the Note. *Hardaway v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-1062, 2020 U.S. Dist. LEXIS 63172 at *8 (S.D. Tex. Apr. 10, 2020) (citing *Everbank v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 541 (Tex. App.—Houston [14th Dist.] 2016, no pet.))

36. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code §51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## B. STATUTORY PROBATE LIEN

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c.   TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

39.    Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## C. NON-JUDICIAL FORECLOSURE

40.    The foregoing paragraphs are incorporated by reference for all purposes.

41.    Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

## D. PUBLIC AUCTION

42.    The foregoing paragraphs are incorporated by reference for all purposes.

43.    Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to

enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E.  JUDICIAL FORECLOSURE

44.    The foregoing paragraphs are incorporated by reference for all purposes.

45.    In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

46.    As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bexar County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F.  TRESPASS TO TRY TITLE

47.    The foregoing paragraphs are incorporated by reference for all purposes.

48.    Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure—Plaintiff seeks a declaration and judgment that the

Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

49.    The foregoing paragraphs are incorporated by reference for all purposes.

50.    If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

51.    Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code § 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## PRAYER

For these reasons, Plaintiff requests that Defendants be cited to appear and answer and that,

upon final hearing, the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **SARAH SIBLEY COX**
    State Bar No. 24043439
    scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**