IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-SP1<br><br>    Plaintiff,<br>v.<br><br>ELIZABETH SANCHEZ FARIAS, ALMA RODRIGUEZ, SALVADOR RODRIGUEZ, JR., and RUBEN S. RODRIGUEZ<br><br>    Defendants. | Civil Action No. 5:23-cv-1516-OLG-ESC |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

COMES NOW, Plaintiff U.S. Bank Trust Company, National Association, as Trustee, as Successor-In-Interest to U.S. Bank National Association, as Successor-In-Interest to Bank of America National Association, Successor by merger to LaSalle Bank National Association, as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-SP1 ("U.S. Bank" or "Plaintiff") and files this, its *Motion for Default Judgment*, and respectfully shows as follows:

**I. BACKGROUND**

1. Plaintiff filed its Original Complaint against Defendants Elizabeth Sanchez Farias, Alma Rodriguez, Salvador Rodriguez, Jr., and Ruben S. Rodriguez ("Defendants") on December 12, 2023. [ECF Doc. No. 1].

2.      Defendant Alma Rodriguez was served with the Original Complaint on January 6, 2024, via personal service at 546 Limestone Flat, San Antonio, Texas 78251. [ECF Doc. No. 5]. Her answer or response to the Original Complaint was due on January 27, 2024. FED. R. CIV. P. 12(a)(1)(A)(i).

3.      Defendant Ruben S. Rodriguez was served with the Original Complaint on January 6, 2024, via personal service at 6635 Walnut Valley Drive, San Antonio, Texas 78242. [ECF Doc. No. 6]. His answer or response to the Original Complaint was due on January 27, 2024. FED. R. CIV. P. 12(a)(1)(A)(i).

4.      Plaintiff filed its Amended Complaint against Defendants on January 23, 2024. [ECF Doc. No. 8].

5.      Defendant Salvador Rodriguez, Jr. was served with the Amended Complaint on January 29, 2024, via personal service at 5602 Ocean Side Street, San Antonio, Texas 78242. [ECF Doc. No. 12]. His answer or response to the Amended Complaint was due on February 19, 2024. FED. R. CIV. P. 12(a)(1)(A)(i).

6.      Defendant Elizabeth Sanchez Farias was served with the Amended Complaint by leaving a copy with Salvador Rodriguez, a male resident over 18 years old, on January 31, 2024, at 5602 Ocean Side Street, San Antonio, Texas 78242. [ECF Doc. No. 13]. Her answer or response to the Amended Complaint was due on February 21, 2024. FED. R. CIV. P. 12(a)(1)(A)(i).

7.      Defendants Alma Rodriguez and Ruben S. Rodriguez were served with a copy of the Amended Complaint by regular and certified mail. Specifically, Plaintiff's counsel mailed a copy of the Amended Complaint by regular mail and certified mail on January 23, 2024, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) at their last reported mailing addresses. [ECF Doc. No. 8]. Their answers or other response to the Amended Complaint was due on or before February

16, 2024. *See* FED. R. CIV. P. 12(a)(1)(B); *see also* FED. R. CIV. P. 6 (d) (3 additional days due to service by mail).

8.     Following a status conference held on June 5, 2024, the Court entered an Order requiring all Defendants to file an answer or other responsive pleading on or before June 28, 2024. [ECF No. 23]. The Order was then sent by certified mail to all Defendants. [ECF No. 24].

9.     The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

10.    On July 2, 2024, the Clerk of the Court entered default in the names of all defendants. [ECF No. 40]. Plaintiff meets the requirements for obtaining default judgment as demonstrated by this pleading and the supporting Declaration of John M. Gregory attached hereto as **Exhibit A** and incorporated by reference for all purposes. Defendants have not answered or otherwise attempted to defend against the allegations of the Complaint. See Fed. R. Civ. P. 55.

11.    Defendants are not on active-duty military status. *See* **Exhibit A-1**.

12.    Plaintiff now asks the Court to render default judgment against Defendants.

## II.   LEGAL STANDARD

13.    Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073 (1973).

### III. ARGUMENT AND AUTHORITIES

14. The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against him. Such default constitutes an admission by Defendants as to all allegations in the Complaint. The facts asserted in the Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Complaint, Defendants have admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

15. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* Fed. R. Civ. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

16. Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff, as the owner and holder of the Note, and beneficiary of the Security Instrument, has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 5602 Ocean Side, San Antonio, Texas 78242 (the "Property"), and more particularly described as:

>LOT ONE (1), BLOCK FIFTY-SEVEN (57), NEW CITY BLOCK 17537, LACKLAND CITY SUBDIVISION, UNIT 230, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN, VOLUME 8200, PAGE 91, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

Therefore, no hearing is necessary to establish Plaintiff's damages.

17. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

18. The Complaint alleges that on or about March 30, 1999, Decedents Salvador G. Rodriguez and Alicia S. Rodriguez ("Decedents" or "Borrowers") executed a *Balloon Note (Fixed Rate)* (the "Note") in the principal amount of $50,400.00 bearing an interest rate of 11.35% per annum and originally payable to Specialty Mortgage Corporation ("SMC"). *See* ECF Doc. No. 8 at ¶ 17.

19. Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting SMC, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Bexar County Texas, on April 1, 1999, under Document No. 99-0062048. *See* ECF Doc. No. 8 at ¶ 18.

20. On April 26, 2018, Borrowers modified the Loan Agreement and executed a *Loan Modification Agreement* (the "Modification") modifying the principal balance of the Note and extending the maturity date of the Loan Agreement. The Modification was recorded in the Official

Public Records of Bexar County Texas, on January 27, 2023, under Document No. 20230015154. *See* ECF Doc. No. 8 at ¶ 19.

21. Plaintiff further alleges that it is the current holder of the Note, and the mortgagee of the Security Instrument by assignment. Therefore, it has standing to enforce the terms of the terms of the Loan Agreement. *See* ECF Doc. No. 8 at ¶¶ 20-24.

22. Salvador G. Rodriguez passed away on or about July 7, 2020. Alicia S. Rodriguez passed away on or about October 12, 2021. Upon information and belief, no probate was ever opened for their respective estates. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, the heirs at law, acquired all their interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Plaintiff. *See* ECF Doc. No. 8 at ¶ 25.

23. Defendants failed to abide by the terms of the Loan Agreement by failing to make required payments. *See* ECF Doc. No. 8 at ¶¶ 26-27. A *Notice of Default* was sent to the Property address in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. *See Id* at ¶ 28. As a result, the maturity of the debt was accelerated. Plaintiff, through its counsel, sent a Notice of Acceleration of Loan Maturity to the Property address on January 27, 2023. *See Id at* ¶ 29. Therefore, the Complaint conclusively establishes each of the necessary elements of Plaintiff's foreclosure claim.

24. Plaintiff has requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Borrowers. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and

Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees is to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Borrowers under the subject Note and Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Elizabeth Sanchez Farias, Alma Rodriguez, Salvador Rodriguez, Jr., and Ruben S. Rodriguez on all claims asserted against them in Plaintiff's First Amended Complaint, and award Plaintiff the following relief:

a. Judgment against Defendants for court costs;

b. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

d. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff may foreclose on Defendants' interests in the Property pursuant to the Deed of Trust and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ John M. Gregory*
**JOHN M. GREGORY**
Texas Bar No. 24138787
Southern District Admission #21340
jgregory@mwzmlaw.com

                                    **MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

      The undersigned certifies that on April 7, 2025, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via Regular U.S. Mail and CMRR#9314 7699 0430 0133 5858 53**
Alma Rodriguez
546 Limestone Flat
San Antonio, Texas 78251

**Via Regular U.S. Mail and CMRR# 9314 7699 0430 0133 5859 52**
Ruben S. Rodriguez
6635 Walnut Valley Drive
San Antonio, Texas 78242

**Via Regular U.S. Mail and CMRR#9314 7699 0430 0133 5859 90**
Salvador Rodriguez, Jr.
5602 Ocean Side Street
San Antonio, Texas 78242

**Via Regular U.S. Mail and CMRR# 9314 7699 0430 0133 5860 65**
Elizabeth Sanchez Farias
5602 Ocean Side Street
San Antonio, Texas 78242

                                    */s/ John M. Gregory*
                                    **JOHN M. GREGORY**