FILED
July 08, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-SP1<br><br>Plaintiff,<br>v.<br><br>ELIZABETH SANCHEZ FARIAS, ALMA RODRIGUEZ, SALVADOR RODRIGUEZ, JR., and RUBEN S. RODRIGUEZ<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § No. 5:23-CV-01516-OLG |

## FINAL DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein U.S. Bank Trust Company, National Association, as Trustee, as Successor-In-Interest to U.S. Bank National Association, as Successor-In-Interest to Bank of America National Association, Successor by merger to LaSalle Bank National Association, as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-SP1 ("Plaintiff") is the Plaintiff and Elizabeth Sanchez Farias, Alma Rodriguez, Salvador Rodriguez, Jr., and Ruben S. Rodriguez ("Defendants") are the Defendants. Although having been duly and legally summoned to appear and answer, Defendants failed to appear and answer, and wholly made default on Plaintiff's claims against them.

Plaintiff's First Amended Complaint (the "Complaint") was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks certain declarations and a judgment allowing foreclosure of the real property (the "Property") which is the subject of this action. Therefore, In light of the default by Defendants and the nature of Plaintiff's claims against them, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Balloon Note*, in the principal amount of $50,400.00 originally payable First Choice Bank as lender on a loan secured by the Property, executed by Decedents Salvador G. Rodriguez and Alicia S. Rodriguez ("Decedents" or "Borrowers").

**ORDERED, ADJUDGED AND DECREED** that certain *Deed of Trust* executed by Borrowers (the "Security Instrument" and together with the Note, "Loan Agreement"), recorded on April 1, 1999, in the Official Public Records of Bexar County, Texas, as Document No. 99-0062048, provides that Plaintiff, as the current owner of the Note and mortgagee of the Deed of Trust, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 5602 Ocean Side, San Antonio, Texas 78242 (the "Property"), and more particularly described as follows:

LOT ONE (1), BLOCK FIFTY-SEVEN (57), NEW CITY BLOCK 17537, LACKLAND CITY SUBDIVISION, UNIT 230, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN, VOLUME 8200, PAGE 91, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Deed of Trust. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Deed of Trust on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 3.875%; post-judgment interest at the Note interest rate of 3.875%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors and/or assigns, may proceed with foreclosure of Defendants' interests in the Property as provided in the Deed of Trust and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with non-judicial foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendants' interests, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendants as a further obligation of the debt, and not as a personal judgment against Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that this is a final judgment that fully and finally resolves all claims between Plaintiff and Defendants.

All relief requested and not herein granted is **DENIED**.

**SIGNED** this ___8___ day of July 2025.

_____
**ORLANDO L. GARCIA**
**UNITED STATES DISTRICT JUDGE**